UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY M. LEWIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00903-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |

On July 7, 2017, Dorothy M. Lewis ("Plaintiff") commenced this matter for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit.

The court, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly consider evidence of her ability to perform the mental requirements for work. Specifically, Plaintiff argues that the ALJ erred in giving little weight to the opinion of Dr. Hawkins and the findings of Dr. Golkaney.

The ALJ did not find that any mental impairment was severe because they did not significantly limit Plaintiff's ability to perform basic work activities. The ALJ discussed her

findings regarding anxiety and depression at length, including as follows:

> [T]he record reveals a lack of support for the finding of severity for the alleged anxiety and depression. First, the claimant testified that she is taking Xanax and is a "bit better" on medication. Treatment records reveal that the claimant had minimal mental treatment in 2015 with no prior history of psychiatric treatment (Ex. 8F/4). Records reveal that the claimant told treatment sources that her anxiety symptoms had improved (Ex. 8F/2). The claimant also denied suicidal ideas, intentions, behavioral changes, or mood changes (Ex. 8F/2; 10F/6, 9, 11-12; 11F/4, 9). Moreover, the examining source noted that the claimant scored 26 out of 30 on the mini mental status examination, which is in the normal range (Ex. 4F/5).
>
> State agency mental consultant B. Moura, Psy. D., opined on July 6, 2015 that the claimant's mental impairments caused no more than mild limitations and therefore were non-severe (Ex. 1A). On reconsideration, State agency mental consultant B. Dalton, Psy. D., affirmed this opinion on September 4, 2015. (Ex. 4A) . . .
>
> The consultative psychologist, Kimball Hawkins, Ph. D., opined the claimant's ability to understand, remember, and carry out complex instructions is probably adequate, although she makes some errors. Her ability to understand, remember, and carry out simple instructions is adequate. Her ability to maintain concentration and attention is considered to be good, but her persistence can be poor when she has chronic pain. Her ability to perform activities within a schedule mid [sic] maintain regular attendance depends on the chronic pain. She states that she cannot get out of bed frequently. Her ability to complete a normal workday and work week without interruptions from psychologically based symptoms is poor because of anxiety and chronic pain. Her ability to respond appropriately to changes in the work setting is adequate. Her ability to manage her own money is considered adequate.
>
> The undersigned gives Dr. Hawkins' opinion little weight because the assessed limitations are vague. The limitations appear to stem from the claimant's physical pain, which is beyond the scope and specialty of the consultative psychological evaluation and examiner. Moreover, there are no clear limitations caused by anxiety or depression. Additionally, the record as a whole does not support the assessed mental limitations.

(A.R. 20-21). The ALJ went on to evaluate each functional areas related to mental performance.

The ALJ also made an adverse credibility finding against Plaintiff elsewhere. (A.R. 25). Plaintiff does not challenge that finding.

The Court has reviewed the ALJ's decision and the records cited therein. It finds that the ALJ correctly cited to the record and thoroughly examined the evidence before it. Substantial evidence supports the ALJ's findings regarding mental capacity, including the conclusions of

state consulting experts and relatively normal mental status examinations. (A.R. 303, 304). That is not to say that all of the record evidence supported the ALJ's conclusions. For example, the Court is troubled by the "scores in the low average to borderline deficit range" in the Wechsler Memory Scale-IV used by Dr. Hawkins. (A.R. 305). The Court and the parties discussed this and other evidence at oral argument. Suffice to say that there was medical evidence supporting the ALJ's conclusion as well as contrary medical evidence.

The district court reviews the Commissioner's final decision under the substantial evidence standard—the decision will be disturbed only if it is not supported by substantial evidence or is based on legal error. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "'Substantial evidence' means 'more than a scintilla,' but 'less than a preponderance.'" *Smolen*, 80 F.3d at 1279 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) and *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)) (internal citations omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002).

Under these legal standards, the Court will affirm the ALJ's decision as supported by substantial evidence.

The Clerk of the Court is directed to close this case.
IT IS SO ORDERED.

Dated: **July 11, 2018**

/s/ *Eric P. Grosj*
UNITED STATES MAGISTRATE JUDGE

3